UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAVID S. JERANIAN, Individually :
and in his capacity as attorney-in-fact :
for Harry Jeranian :
:
v. : C.A. No. 11-315M
:
JOYCE A. DERMENJIAN, f/k/a :
Joyce A. Jeranian :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This litigation is part of a larger family dispute between a brother and sister regarding their elderly father's estate plan. Plaintiff, the brother, commenced this action in Superior Court on June 30, 2011 alleging that, on or about August 21, 2007, Defendant, his sister, exerted "undue influence" on their father to cause him to transfer a residential property located at 32 Bracken Street, Cranston, Rhode Island, to the sister by quitclaim deed and for nominal ($10.00) consideration. The father was eighty-three years old when he signed the deed in 2007 and is presently eighty-seven years old. He has a history of memory problems, and a 2009 medical evaluation expressed concern about the "possibility" of Alzheimer's Disease. (Document No. 12, Exh. 2). Defendant did not record the quitclaim deed on the Cranston land records until on or about October 14, 2010. Plaintiff contends that the transfer was legally invalid and seeks a declaratory judgment voiding the quitclaim deed as well as other damages. Defendant, a Massachusetts resident, removed to this Court on diversity grounds and is proceeding pro se. Defendant disputes Plaintiff's claims and counterclaims seeking a judgment affirming the

validity of the quitclaim deed transfer and seeking other damages related to Plaintiff's use of the residence.[1]

**Discussion**

Both sides have requested preliminary injunctive relief – Plaintiff in his Complaint and in a Motion for Temporary Restraining Order filed in Superior Court, (see Document Nos. 1-2 at p. 7 and 2); and Defendant in her Motion for Temporary Restraining Order filed on September 1, 2011 in this Court. (Document No. 14). These requests have been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule Cv 72(a).

On September 15, 2011, a Rule 16 scheduling conference was held before me, and both parties were heard on their requests for preliminary relief. At that conference, I commented generally as to the allegations in this case and the competing requests for injunctive relief, and indicated that I would only recommend the entry of a "status quo" preliminary injunction which would basically put the brakes on either party taking any further action regarding the Bracken Street residence and preserve the asset pending further proceedings. See CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995) ("The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs."). After discussing the concept generally, both sides expressed agreement with the concept, and I requested that they confer in an effort to reach agreement on the wording for such

---

[1] Plaintiff presently occupies the house and apparently has been residing there as his primary residence since 2008. The father presently resides with a companion/care giver in North Providence.

an Order. Apparently, such efforts did not result in an agreement, and both sides have submitted proposals to me for consideration. (Document Nos. 19-21). Plaintiff's proposed preliminary injunction is generally consistent with my "status quo" proposal, while Defendant's proposal go far afield and inappropriately seeks preliminary Court intervention in matters such as her father's activities and visitation with her, and the management of her father's assets beyond the Bracken Street residence primarily in dispute in this litigation. After thoroughly reviewing such proposals and the pleadings filed by both sides to date, I recommend that the District Court grant in part the cross-motions for preliminary injunction and issue the following Preliminary Injunction pursuant to its authority under Rule 65(a), Fed. R. Civ. P.:

1. Plaintiff, David S. Jeranian, individually and in his capacity as attorney-in-fact for Harry Jeranian, and Defendant, Joyce A. Dermenjian, f/k/a Joyce A. Jeranian, are hereby restrained and enjoined from encumbering, pledging, hypothecating, transferring, leasing, renting, spending, selling or otherwise alienating or disposing of that particular real estate and residence located at 32 Bracken Street, Cranston, Rhode Island until further Order of this Court;

2. Defendant, Joyce A. Dermenjian, is hereby restrained and enjoined from interfering in any way with Plaintiff David S. Jeranian's present use and occupancy of said residence and real property and shall reasonably cooperate as necessary to ensure the preservation, maintenance, repair and upkeep of the residence and real property until further Order of this Court; and

3. Plaintiff, David S. Jeranian, individually and in his capacity as attorney-in-fact for Harry Jeranian, is restrained and enjoined from undertaking any material alteration, remodeling

or other construction with regard to said residence and real property other than as necessary for reasonable preservation, maintenance or repair.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 22, 2011